[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10066
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cr-00044-RH-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL CLIFFORD WATSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(January 7, 2015)

Before HULL, MARCUS and ROSENBAUM, Circuit Judges.

PER CURIAM:

Michael Watson appeals his sentence of 360 months' imprisonment for conspiracy to distribute and possess with intent to distribute oxycodone and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. For the first time on appeal, Watson argues that: (1) the district court plainly erred by requiring him to provide self-incriminating testimony at his sentencing hearing concerning his prior felony drug convictions that were used to qualify him for a career-offender enhancement; and (2) even if the district court was not required to inform him of his Fifth Amendment rights, his admissions were compulsory and involuntary because the district court erroneously told him at the change-of-plea hearing that he would be giving up his right to remain silent by pleading guilty. After thorough review, we affirm.

"We review sentencing arguments raised for the first time on appeal for plain error." United States v. Bonilla, 579 F.3d 1233, 1238 (11th Cir. 2009). Under plain-error review, "[a]n appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) (quotation omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (citation omitted). "It is the law of this circuit that, at

2

least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003). To affect substantial rights "almost always requires that the error must have affected the outcome of the district court proceedings." Rodriguez, 398 F.3d at 1299 (quotation omitted). "The standard for showing that is the familiar reasonable probability of a different result formulation, which means a probability sufficient to undermine confidence in the outcome." Id. (quotations omitted). The defendant bears the burden of establishing that an error prejudiced his substantial rights. Id.

A district court may "base its factual findings on undisputed statements in the [presentence investigation report ("PSI")], because a defendant is deemed to have admitted any such statements that he has not objected to with specificity and clarity." United States v. Aguilar-Ibarra, 740 F.3d 587, 592 (11th Cir. 2014) (quotation omitted). "Indeed, the defendant's failure to object to conclusory statements in the [PSI] renders those statements undisputed and permits the sentencing court to rely upon them without error even if there is an absence of supporting evidence." Id. (citation omitted). Accordingly, a defendant who fails to object to the facts of his prior convictions as contained in his PSI is deemed to

3

have admitted those facts.  United States v. Bennett, 472 F.3d 825, 833-34 (11th Cir. 2006).

In Mitchell v. United States, the Supreme Court held that a defendant retains her Fifth Amendment privilege against compelled self-incrimination at sentencing. 526 U.S. 314, 321 (1999).  Looking to the transcript of the plea colloquy, the Court noted that, before accepting the defendant's guilty plea, the district court instructed:  "You have the right at trial to remain silent under the Fifth Amendment, or at your option, you can take the stand and tell the jury your side of this controversy. . . .  If you plead guilty, all of those rights are gone."  Id. at 323. The Court found that this instruction did not "indicate[] that the defendant consents to take the stand in the sentencing phase or to suffer adverse consequences from declining to do so."  Id.  Instead, the district court's statements "were to the effect that by entry of the plea [the defendant] would surrender the right 'at trial' to invoke the privilege."  Id.  Because, by pleading guilty, "there was to be no trial, the warning would not have brought home to [the defendant] that she was also waiving the right to self-incrimination at sentencing."  Id. at 323-24.  The Court ultimately concluded that pleading guilty did not waive the defendant's right to remain silent at sentencing.  Id.

Here, Watson has failed to point to any binding precedent from this Court or the Supreme Court requiring a district court to advise a defendant at sentencing of

4

his Fifth Amendment right to remain silent.  As a result, any error by the district court in failing to do so was not plain for purposes of plain-error review.  Lejarde-Rada, 319 F.3d at 1291.  As for his claim that the district court erroneously told him that, by pleading guilty, he waived his Fifth Amendment right to remain silent at sentencing, there is no support in the record.  Rather, the record reveals that at the change-of-plea hearing, the district court accurately informed Watson that, if he pleaded guilty, there would not be a trial and he would give up his right to remain silent at trial. The Supreme Court found no error in nearly identical language in Mitchell.

In any event, Watson signed the statement of facts acknowledging four prior felony cocaine offenses (including the two convictions used to support the career-offender guideline), before the district court's allegedly erroneous statement at the change-of-plea hearing.  There was also ample evidence in the record to establish Watson's prior convictions.  Thus, Watson has not demonstrated that any error affected his substantial rights.

**AFFIRMED**.