[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10671
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cr-00138-PGB-DAB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRUZ VICENTE, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 2, 2016)

Before MARCUS, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Cruz Vicente, Jr. appeals his 151-month sentence, imposed at the low end of his guideline range, for one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B) and (b)(1).  On appeal, Vicente argues that: (1) the

district court erred in applying U.S.S.G. § 2G2.2(b) sentencing enhancements in light of a Sentencing Commission report suggesting that the enhancements failed to differentiate between child pornography offenders based on their relative culpability; and (2) his sentence is substantively unreasonable. After careful review, we affirm.

We generally review arguments regarding guideline calculations de novo. United States v. Moran, 778 F.3d 942, 959 (11th Cir.), cert. denied sub nom. Huarte v. United States, 136 S. Ct 268 (2015). However, when those arguments were not raised before the district court, we review for plain error. United States v. Aguilar-Ibarra, 740 F.3d 587, 591-92 (11th Cir. 2014). We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)). Under the prior precedent rule, we are bound to follow prior binding precedent unless and until either this Court en banc or the Supreme Court overrules it. United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008).

First, we are unpersuaded by Vicente's argument that the district court erred in applying U.S.S.G. § 2G2.2(b) sentencing enhancements. Section 2G2.2 of the Sentencing Guidelines provides the guideline calculations for trafficking in material involving the sexual exploitation of a minor. U.S.S.G. § 2G2.2.

Subsection (b) provides special offense characteristics, including a 4-level enhancement for material that portrays violence, a 2-level enhancement use of a computer, and a 5-level enhancement for involvement of 600 or more images. Id. § 2G2.2(b)(4), (6), & (7)(D). The commentary to § 2G2.2(b)(4) provides that the defendant need not have intended to possess, access, receive, or distribute violent images in order to receive the enhancement. Id. § 2G2.2 comment. (n.2).

In United States v. Cubero, we addressed the Sentencing Commission's report and noted that it did not affect the validity of § 2G2.2 in non-production child pornography cases -- that is, cases involving the receipt, possession, or distribution, as opposed to the production, of child pornography. 754 F.3d 888, 900 (11th Cir.), cert. denied, 135 S. Ct. 764 (2014). We denied the defendant's request for a remand to the district court to consider the Sentencing Commission's report because the report had not altered the district court's duties with regard to the § 3553(a) factors and did not require the court to vary from a guideline range calculated using § 2G2.2 enhancements. Id. We noted that, while the district court may properly consider the Sentencing Commission's report to determine a sentence, its application of the § 2G2.2 enhancements in non-production cases does not constitute procedural unreasonableness. Id.

To show plain error, a defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. United States v. Turner, 474 F.3d 1265,

3

1276 (11th Cir. 2007).  If the defendant satisfies the three conditions, we may exercise our discretion to recognize the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id.  For an error to be plain, it must be contrary to an explicit statutory provision or on point precedent from this Court or the Supreme Court.  United States v. Hoffman, 710 F.3d 1228, 1232 (11th Cir. 2013).   To avoid plain error review, a defendant must raise an objection before the district court in language so clear and simple that the court cannot misunderstand it.  United States v. Massey, 443 F.3d 814, 819 (11th Cir. 2006).  A party may not avoid plain error review by raising the factual predicate for an objection under a different legal theory.  Id.

Here, because Vicente did not object to the guidelines calculation below or raise the same legal theory that he advances on appeal, we review only for plain error.  But even if Vicente's arguments at sentencing were sufficient to avoid plain error review, the district court did not err, much less plainly err, in applying the § 2G2.2(b) enhancements when calculating Vicente's guideline range. As we expressly held in Cubero, the Sentencing Commission's report did not render sentences in which the district court applied § 2G2.2(b) enhancements in non-production cases procedurally unreasonable.   Our decision in Cubero thus forecloses Vicente's argument under the prior precedent rule.  See Vega-Castillo, 540 F.3d at 1236.  Moreover, Vicente points to no binding precedent for his

assertion that the § 2G2.2(b) enhancements require that he intentionally downloaded a certain type or volume of images. As a result, he has not shown that the district court erred, or plainly erred, in applying the § 2G2.2(b) enhancements.

We also find no merit in Vicente's claim that the district court imposed a substantively unreasonable sentence by improperly weighing the 18 U.S.C. § 3553(a) factors and failing to attach proper weight to his family responsibilities and his inability to control the nature and volume of the images that he downloaded. In reviewing the "'substantive reasonableness of [a] sentence imposed under an abuse-of-discretion standard,'" we consider the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a).[1] "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted).

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Thus, a court can abuse its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

While we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect that sentence to be reasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The reasonableness of a sentence may also be indicated if the sentence imposed is well below the statutory maximum. United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008). The party challenging the sentence bears the burden to show it is unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

In this case, Vicente has not met his burden of showing that the district court abused its discretion in imposing his 151-month sentence. As the record shows, his sentence was well below the statutory maximum and represented the low end of his guideline range. Further, in determining the sentence, the district court specifically addressed various grounds for departing from the guideline range -- including Vicente's mitigating evidence regarding his family circumstances and inability to control the content or volume of his downloads -- as well as the § 3553(a) factors. As we've said, the Sentencing Commission's report did not alter

the manner in which the district court was to weigh the § 3553(a) factors or consider departures.  Finally, Vicente failed to show that the district court failed to weigh a proper factor, attached weight to an improper factor, or made a clear error of judgment so as to abuse its discretion.  Accordingly, the district court did not abuse its discretion in imposing Vicente's sentence.

**AFFIRMED**.

JORDAN, Circuit Judge, concurring:

I concur in the judgment.