[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13468
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00552-JSM-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RASHIA WILSON,

Defendant-Appellant.

_____

No. 13-13590
Non-Argument Calendar
_____

D.C. Docket No.  8:12-cr-00433-JSM-TBM-1

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

RASHIA WILSON,

                                        Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(December 4, 2014)

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

In Appeal No. 13-13468, Rashia Wilson, pursuant to a plea agreement, pleaded guilty to two counts of a 57-count indictment returned against her and Maurice J. Larry: Count Three, wire fraud committed on April 21, 2012, in violation of 18 U.S.C. § 1343; and Count Forty-Seven, aggravated identity theft committed the same day in violation of 18 U.S.C. § 1028A.  In Appeal No. 13.13590, Wilson pleaded guilty to both counts of a two-count indictment charging her as a felon in possession of a firearm on August 21 and September 19, 2012, in

2

violation of 18 U.S.C. § 922(g)(1).[1]  The cases were consolidated for sentencing, and on July 16, 2013, the District Court sentenced Wilson on Counts Three and Forty-Seven to consecutive sentences of 210 and 24 months, respectively, for a total of 234 months.  The court ordered those sentences to run consecutively to the concurrent sentences of 18 months imposed for the two 18 U.S.C. § § 922(g)(1) offenses, and thus ordered Wilson incarcerated for a total of 252 months.

Rashia Wilson appeals this total sentence on the ground that the District Court committed procedural error.  The court erred, she says, when, after consolidating the cases for sentencing, it (1) refused to engage in the grouping analysis required by Chapter Three, Part D of the Sentencing Guidelines; and (2) used the first sentence it imposed to increase her criminal history category.

A district court commits procedural error when it improperly calculates the Guidelines range.  *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007).  We review the court's calculation, including whether the court correctly grouped the offenses of conviction, *de novo.  United States v. Williams*, 340 F.3d 1231, 1244 (11th Cir. 2003).  If we determine that the district court misapplied the Guidelines, remand is appropriate unless the error was harmless.  *United States v. Barner*, 572 F.3d 1239, 1247–48 (11th Cir. 2009).  An

---

[1]  Wilson entered into a plea agreement on November 21, 2012, calling for a guilty plea to Count One of the indictment charging her with violating § 922(g)(1) on September 19, 2012. The parties apparently cancelled the plea agreement, for on December 9, 2013, she pleaded guilty to both Counts One and Two of the indictment.

error is harmless if the court would have imposed the same sentence without the error. *Id*. at 1248.

The Sentencing Guidelines set forth a procedure for determining the offense level when a defendant is charged with multiple counts in the grouping rules of Chapter Three. United States Sentencing Commission, *Guidelines Manual*, Ch.3, Pt.D, intr. comment. (Nov. 1, 2012). "These rules apply to multiple counts of conviction . . . contained in different indictments or informations for which sentences are to be imposed at the same time or in a consolidated proceeding." *Id*.; *see also* U.S.S.G. § 3D1.1, comment. (n.1). As described in U.S.S.G. § 3D1.1(a), when a defendant has been convicted of more than one count, the court (1) groups the counts into "Groups of Closely Related Counts ('Groups')" by applying § 3D1.2; (2) determines the offense level applicable to each Group by applying § 3D1.3; and (3) applies § 3D1.4 to determine the combined offense level applicable to all Groups. Counts of conviction under 18 U.S.C. § 1028A are specifically excluded from this grouping procedure. U.S.S.G. § 3D1.1(b)(2). That statute requires a two-year term of imprisonment that must run consecutively to any other term of imprisonment. *See* 18 U.S.C. § 1028A(a)–(b).

Section 3D1.4 provides a procedure for determining the combined offense level by counting the Group with the highest offense level as one unit and incrementally increasing the offense level based on the other Groups. This section

4

also directs: "Disregard any Group that is 9 or more levels less serious than the Group with the highest offense level."  U.S.S.G. § 3D1.4(c).

Finally, § 3D1.5 directs courts to use the resulting combined offense level to determine the "total punishment" under Chapter Five of the Guidelines.  U.S.S.G. § 3D1.5, comment.; *see also* U.S.S.G. § 5G1.2, comment. (n.1).   The combined offense level is subject to adjustments from Chapter Three, Part E (Acceptance of Responsibility) and Chapter Four, Part B.  U.S.S.G. § 3D1.5, comment.; *see also* U.S.S.G. Ch.3, Pt.D, intr. comment. ("The single, 'combined' offense level that results from applying these rules is used, after adjustment pursuant to the guidelines in subsequent parts, to determine the sentence.").

While we have not been called upon explicitly to decide whether offenses charged in different indictments, but considered at the same sentencing hearing, must be grouped together under Chapter Three, Part D of the Guidelines, we have cited with favor those cases where counts were divided into multiple Groups and § 3D1.4 was then used to reach a combined adjusted offense level.  *See United States v. Sarras*, 575 F.3d 1191, 1206–08 (11th Cir. 2009) (explaining that four counts were not grouped together under § 3D1.2, and so the presentence investigation report applied the unit calculation prescribed in § 3D1.4); *United States v. Walker*, 490 F.3d 1282, 1288 n.4 (11th Cir. 2007) (stating that only the Group with the highest offense level was used to calculate the base offense level).

The Sentencing Guidelines also require a district court to determine a defendant's criminal history points and resulting criminal history category by tallying, among other things, his or her prior sentences. *See* U.S.S.G. § 4A1.1. The term "prior sentence" is defined as "any sentence previously imposed upon adjudication of guilt . . . for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). The commentary clarifies that this includes "sentence[s] imposed prior to sentencing on the instant offense[.]" U.S.S.G. § 4A1.2, comment. (n.1).

We find that the District Court erred by failing to correctly apply the pertinent grouping rules and criminal history rules contained in the Guidelines. The plain language of the Guidelines commentary directs that the grouping rules "apply to multiple counts of conviction . . . contained in different indictments or informations for which sentences are to be imposed at the same time *or* in a consolidated proceeding." U.S.S.G. Ch.3, Pt.D, intr. comment. (emphasis added). Although the counts for which Wilson was sentenced were contained in different indictments, the sentences on those counts were deliberately imposed at the same time. Thus, the court should have applied the grouping rules. If the court had done so, Wilson's applicable combined offense level would have been 34, instead of 36.[2]

---

[2] The statutory sentencing provision for Count Three, wire fraud, provided the highest maximum sentence, 20 years, of any of the counts of conviction. The Guidelines range for that offense at a total offense level (and a criminal history category of III) is 235 to 240 months.

The District Court also erred by failing to correctly apply the criminal history rules in this case.  If the court had correctly considered the cases together, it could not have increased Wilson's criminal history category because the sentence imposed first would not have been a sentence imposed "prior to" the instant sentencing proceeding.  *See* U.S.S.G. § 4A1.2, comment. (n.1).  Therefore, the conviction for which the first sentence was imposed should not have been treated as a prior conviction in calculating Wilson's criminal history category.

Finally, the foregoing error was not harmless.  Absent the error, the applicable Guidelines range would have been 188 to 235 months' imprisonment, with an additional, mandatory 24 months for the identity theft conviction.  *See* U.S.S.G. Ch.5, Pt.A; 18 U.S.C. § 1028A.  Instead, the court sentenced Wilson to 252 months' total imprisonment.  There is nothing in the record indicating that the court would have imposed the same sentence without the error.  Where it is unclear whether the court would have imposed the same sentence but for the error, the error is not harmless.  *Barner*, 572 F.3d at 1248.  We therefore vacate Wilson's sentences and remand the case for resentencing.

VACATED and REMANDED.