[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11089
Non-Argument Calendar

_____

D.C. Docket No. 8:12-cr-00433-JSM-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RASHIA WILSON,

Defendant-Appellant.

_____

No. 15-11090
Non-Argument Calendar

_____

D.C. Docket No.  8:12-cr-00552-JSM-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RASHIA WILSON,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(May 11, 2016)

Before TJOFLAT, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

On July 16, 2013, Rashia Wilson, having entered guilty pleas, was sentenced

to prison for a total of 252 months in two consolidated cases, a Fraud Case and a

Gun Case, to prison terms totaling 252 months.[1]  The plea in the Fraud Case was to

one count of wire fraud (filing false federal income tax returns to obtain refunds),

18 U.S.C. § 1343, and one count of aggravated identity theft, 18 U.S.C. § 1028A.

The plea in the Gun Case was to two counts of felon in possession of a firearm, 18

U.S.C. § 922(g)(1).  Wilson appealed her sentences, claiming that the district court

erred in grouping the counts under Chapter Three, Part D of the Sentencing

Guidelines and in using the sentences imposed in the Gun Case to increase her

Criminal History Category for the Fraud Case.  We agreed, vacated her sentences

_____
[1] In the Fraud Case, Wilson pleaded guilty pursuant to a plea agreement.  In the Gun
Case, she pleaded guilty without a plea agreement.

2

and remanded the cases for resentencing.  *United States v. Wilson,* 593 Fed.Appx. 942, 946 (11th Cir. 2014).

On remand, the district court sentenced Wilson to the same total sentence, imprisonment for a total of 252 years.  Wilson appeals the total sentence, presenting three arguments.  First, she argues that the district court erred by applying to the base offense level of the wire fraud count the U.S.S.G. § 2B1.1(b)(11)(B)(i) enhancement for production of an unauthorized access device where her conduct was "use," not "production."  Second, she argues that her sentence is procedurally unreasonable because the court failed to address and consider her mitigation evidence, in particular her post-sentencing rehabilitation. Third, she asserts that her double jeopardy rights were violated when the court failed to credit her for time served.  The government raises two issues.  First, whether Wilson's appeal of the sentence on the fraud count is barred by her plea agreement's sentence appeal waiver.  Second, whether two clerical errors require that court's written judgments conform to the court's oral pronouncement of Wilson's sentences.

Wilson's plea agreement in the Fraud Case contains an appeal waiver.  We decline to dismiss her appeal of the sentences in that case on the basis of the appeal waiver as the government may have waived the provision by expressly declining to invoke the waiver during Wilson's initial consolidated appeal and because the

3

parties have fully briefed the Fraud Case.  We therefore address the merits of

Wilson's appeal in that case.

I.

We review the procedural reasonableness of a sentence for abuse of

discretion.  *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011).  We

review the district court's findings of fact for clear error and its interpretation and

application of the Guidelines to the facts *de novo*.  *Id.* at 1194-95.

A factual finding is clearly erroneous when we have a definite and firm

conviction that a mistake has been made after reviewing all of the evidence.  *Id.* at

1195.  The district court may properly base factual findings upon any undisputed

facts in the presentence investigation report.  *United States v. Aguilar-Ibarra,* 740

F.3d 587, 592 (11th Cir. 2014).  Interpretation of the Sentencing Guidelines begins

with a guideline's "plain language and, absent ambiguity, no additional inquiry is

necessary."  *United States v. Cruz*, 713 F.3d 600, 607 (11th Cir. 2013) (quotation

omitted).

Section 2B1.1(b)(11)(B) of the Sentencing Guidelines provides a two-level

enhancement (of the base offense level for wire fraud ) for the "production or

trafficking" of any "unauthorized access device or counterfeit access device."

U.S.S.G. § 2B1.1(b)(11)(B)(i).  "Production" includes "manufacture, design,

alteration, authentication, duplication, or assembly."  U.S.S.G. § 2B1.1, comment.

4

(n.10(A)).  The term "access device" includes account or personal identification numbers that can be used "to obtain money, goods, services, or any other thing of value."  *See* 18 U.S.C. § 1029(e); *Barrington*, 648 F.3d at 1201.  "Unauthorized access device" includes any access device that is stolen or obtained with the intent to defraud.  U.S.S.G. § 2B1.1, comment. (n.10(A)) (adopting the definition of "unauthorized access device" in

18 U.S.C. § 1029(e)(3)).

The undisputed facts set forth in the presentence investigation report show that, in order to obtain the improper tax refunds, it was necessary for Wilson to duplicate others' Social Security numbers by entering them into tax preparation software with intent to defraud the United States.  *See Aguilar-Ibarra,* 740 F.3d at 592.  Thus, based on the enhancement's plain language, the district court was entitled to conclude that Wilson's relevant conduct (for the wire fraud count) included the duplication—*i.e.*, "production"—of Social Security numbers that were obtained with intent to defraud—*i.e.*, "unauthorized access devices."  *See* 18 U.S.C. § 1029(e); U.S.S.G. § 2B1.1(b)(11)(B)(i) & comment. (n.10(A)).

## II.

A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines sentence range, treats the Guidelines as mandatory rather than advisory, fails to consider the sentencing factors set out in 18 U.S.C.

5

§ 3553(a), bases the sentence on clearly erroneous facts, or fails to adequately explain the chosen sentence. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007). Although the district court will normally explain why it has rejected non-frivolous arguments for a different sentence, a brief explanation that the district court's imposed sentence is "appropriate" is legally sufficient where "the record makes clear that the sentencing judge considered the evidence and arguments." *Rita v. United States*, 551 U.S. 338, 357-59, 127 S. Ct. 2456, 2468-69, 168 L. Ed. 2d 203 (2007).

When the district court elicited the parties' objections after it pronounced sentence, Wilson did not object to her total sentence on the ground that it is procedurally unreasonable. We therefore review the objection for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). We determine whether the district court (1) committed an error (2) that is plain and (3) that has affected the defendant's substantial rights. *Id.* We find no error, much less plain error, here because the district court did not fail to consider her mitigation arguments. The record shows that the court allowed Wilson and her attorney to speak and offer arguments in mitigation before pronouncing sentence. The court asked questions of each while listening to their arguments. The court also stated that it considered the circumstances of Wilson's offenses and her personal

6

characteristics.  Under these circumstances, the court was not required to expound upon the specifics of Wilson's mitigation arguments.

## III.

Wilson claims that the district court violated her right not to be subjected to double jeopardy when it failed to credit her for time served in custody.  Wilson did not object to this failure when the court elicited the parties' objections after imposing sentence.  We therefore afford the objection only plain error review. We find no error; hence, no plain error.

The district court is not authorized at sentencing to award a defendant credit for time served.  *United States v. Wilson*, 503 U.S. 329, 333-36, 112 S. Ct. 1351, 1354-55, 117 L. Ed. 2d 593 (1992).  Rather, it is the Attorney General, through the Bureau of Prisons, who does that.  *Id.*

## IV.

A district court's unambiguous oral pronouncement of a sentence on the record at the sentencing hearing controls when the sentence conflicts with the written judgment.  *United States v. Bates,* 213 F.3d 1336, 1340 (11th Cir. 2000). In this case, the district court's oral pronouncement of Wilson's sentences unambiguously ordered that Wilson serve a total of 252 months of imprisonment, consisting of

120 months each for the two counts in the Gun Case and 228 months for the wire fraud count in the Fraud Case, all to run concurrently, and 24 months for the identity theft count in the Fraud Case to run consecutively to the prison terms imposed on the other three counts. However, the written judgments conflict with this oral pronouncement. The Gun Case judgment does not make clear that the total term of imprisonment listed (252 months) consists of the sentences in both of the Gun Case counts and the wire fraud count in the Fraud Case as it fails to mention the 24-month's consecutive sentence imposed on the aggravated identity theft count of the Fraud Case. Finally, the statement of the term of imprisonment in the Fraud Case judgment does not correctly state that the Gun Case sentences and the Fraud Case sentence for wire fraud all run concurrently, with the 24-month's sentence for aggravated identity theft running consecutively to the other sentences.

Accordingly, we remand these consolidated cases with the instruction that the district court correct the clerical errors in the written judgments to conform to its oral pronouncement of Wilson's sentences at sentencing.

AFFIRMED IN PART, REMANDED IN PART.

8