[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10833
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cr-00211-ACC-TBS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NELSON CARTAGENA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 18, 2015)

Before HULL, MARCUS and ROSENBAUM, Circuit Judges.

PER CURIAM:

Nelson Cartagena appeals his 180-month sentence, imposed after he pleaded guilty to conspiracy to export firearms, in violation of 18 U.S.C. § 371; delivering to a common carrier a package which contains firearms without written notice, in violation of 18 U.S.C. 922(e); exporting merchandise from the United States contrary to federal regulations, in violation of 18 U.S.C. § 554; dealing in firearms, in violation of 18 U.S.C. 922(a)(1)(A); and making a false written statement to a federal firearms dealer in connection with the purchase of a firearm, in violation of 18 U.S.C. § 922(a)(6) and 18 U.S.C. § 924(a)(2).  On appeal, Cartagena argues that: (1) the district court erred in applying a four-level enhancement under U.S.S.G.  § 2K2.1(b)(6)(A) without providing advance notice; and (2) the district court erred in allowing the government to raise the applicability of § 2K2.1(b)(6)(A) as a new objection to the presentence investigative report ("PSI"), without providing cause, more than 14 days after the PSI was submitted to the parties.  After thorough review, we affirm.

We typically review the district court's interpretation of the Sentencing Guidelines de novo and accept its factual findings unless clearly erroneous.  United States v. Barner, 572 F.3d 1239, 1247 (11th Cir. 2009).  However, arguments regarding guideline calculations that were not raised before the district court are reviewed for plain error.  United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).  Under plain error review, the party challenging the sentence bears the

burden of establishing that (1) there is an error; (2) that is plain or obvious; (3) affecting his substantial rights in that it was prejudicial and not harmless. United States v. Aguilar-Ibarra, 740 F.3d 587, 592 (11th Cir. 2014). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Rodriguez, 398 F.3d at 1298 (quotation omitted). To properly preserve an issue for appeal, a party must raise an objection "that is sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought." United States v. Straub, 508 F.3d 1003, 1011 (11th Cir. 2007) (quotation omitted).

In Burns v. United States, the Supreme Court held that a court must give the parties reasonable notice that it is contemplating a departure before the court may depart from the applicable guideline range on a ground not identified for departure in the PSI or a party's prehearing submission. 501 U.S. 129, 138 (1991). After the Sentencing Guidelines were deemed advisory, however, the Supreme Court noted that "[t]he due process concerns that motivated the Court to require notice in a world of mandatory guidelines no longer provide a basis for this Court to extend the rule set forth in Burns . . . ." Irizarry v. United States, 553 U.S. 708, 714 (2008). The Court thus instructed district courts to consider granting continuances only in cases where a legitimate surprise at sentencing is prejudicial. Id. at 715-16.

3

Federal Rule of Criminal Procedure 32(f)(1) requires that "[w]ithin 14 days after receiving the [PSI], the parties must state in writing any objections, including objections to . . . sentencing guideline ranges . . . contained in or omitted from the report." However, the district court "may, for good cause, allow a party to make a new objection at any time before sentence is imposed." Id. 32(i)(1)(D).

In this appeal, Cartagena challenges the district court's imposition of a four-level Sentencing Guidelines enhancement for the "possess[ion] or transfer[] [of] any firearm or ammunition with knowledge, intent, or reason to believe it would be transported out of the United States." U.S.S.G. § 2K2.1(b)(6)(A). However, Cartagena failed to preserve his objection to the enhancement pursuant to § 2K2.1(b)(6)(A), either on the merits or on the basis of a lack of notice. While he twice noted that the enhancement was not contemplated in the PSI, he never objected to its application or explicitly raised any issues based on lack of notice. Because he never specifically identified any particular ground on which appellate relief might be sought, plain error review applies.

As the record shows, the district court did not plainly err in applying a previously undiscussed sentencing enhancement under § 2K2.1(b)(6)(A). Among other things, neither the Supreme Court nor this Court have held that notice is required. As for Cartagena's reliance on Burns, it applies only to a "departure" -- or a non-Guidelines sentence -- which is not at issue here. Burns, 501 U.S. at 138;

4

Irizarry, 553 U.S. at 714.  Moreover, Burns was decided when the guidelines were mandatory, and courts have been reluctant to expand the decision beyond departures.  Irizarry, 553 U.S. at 714.  Because Cartagena has not shown any error that was plain, we need not reach whether his substantial rights were affected.

Cartagena has also failed to show the district court committed plain error by allowing the government to raise a new objection to the PSI -- that the court should apply the four-level enhancement under § 2K2.1(b)(6)(A) for transporting firearms outside the United States -- at the sentencing hearing.  Among other things, Cartagena cannot show that any error by the district court in allowing the objection affected his substantial rights, because he cannot show that the error was prejudicial.  See Aguilar-Ibarra, 740 F.3d at 592.  Indeed, Cartagena offers no reason as to why the four-level enhancement under § 2K2.1(b)(6)(A) should not apply in his case; therefore, he cannot show that his sentence would have been different had he known about the objection prior to the sentencing hearing.

Finally, Cartagena's four-level enhancement for transporting firearms outside the United States was not erroneous.  See § 2K2.1(b)(6)(A).  Neither party disputed the fact that Cartagena met with two men in Colombia and agreed to transport firearms outside the United States.  Accordingly, we conclude that the district court's interpretation of the Sentencing Guidelines was not erroneous, much less plainly erroneous.

5

**AFFIRMED**.