[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11631
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20830-UU-1

UNITED STATES OF AMERICA,

                                                      Plaintiff-Appellee,

versus

SMITH JEAN,

                                                      Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 7, 2016)

Before TJOFLAT, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Smith Jean and Beatrice Simeon were charged in a six-count indictment with conspiracy to steal government property or money, in violation of 18 U.S.C. §§ 371, 641, Count One, and with theft of government property or money, in violation of 18 U.S.C. § 641, Counts Two through Six.  Jean pled guilty to Counts One and Two, and the District Court sentenced him to concurrent prison terms of 51 months.  Jean now appeals his sentences.  First, Jean argues that the District Court erred in not adjusting his offense level under the Sentencing Guidelines downward by one level, pursuant to  U.S.S.G. § 3E1.1(b), for "assist[ing] authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty."[1]  Second, Jean argues that his sentences are significantly harsher than Simeon's, creating an unwarranted sentencing disparity that renders his sentences substantively unreasonable.

---

[1] U.S.S.G. § 3E1.1., "Acceptance of Responsibility," states:

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

After the District Court pronounced sentence, it asked Jean and his lawyer the following: "[D]oes the defendant or his counsel object to the Court's findings of fact or to the manner in which the sentence was pronounced?" Jean's lawyer responded, "No, Your Honor."

In his opening brief on appeal, Jean cites U.S.S.G. § 3E.1.1 in advancing his first argument, but he fails to state that he timely notified the government of his intention to plead guilty or that the government abused its discretion in not moving the District Court for a § 3E1.1(b) adjustment. But these two points are essential to his § 3E1.1(b) argument. In failing to mention either point, Jean effectively abandoned his first argument. *See United States v. Barsoum*, 763 F.3d 1321, 1333 (11th Cir. 2014).

Because Jean declined the District Court's request to enter an objection to the manner in which his sentenced was pronounced, we review his second argument for plain error. *United States v. Aguilar-Ibarra*, 740 F.3d 587, 592 (11th Cir. 2014) (per curiam). To establish plain error, a party must show that (1) the district court erred; (2) the error was plain or obvious; (3) the error harmed or prejudiced the party's substantial rights; and (4) the error damaged the fairness, integrity, or reputation of the proceedings. *Id.* In order to meet the second prong of the plain-error test, the error must be "contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court." *United States v.*

3

*Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013) (per curiam) (quotation marks and citation omitted).

Jean points to no statute or precedent from this Court or the Supreme Court that would have informed the District Court that the sentences it imposed were substantively unreasonable. His second argument fails as well.

Jean's sentences are therefore

AFFIRMED.

4