[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17258
Non-Argument Calendar

_____

D.C. Docket No. 6:16-cr-00107-RBD-TBS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ROMANDO HARRIS, II,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 11, 2018)

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant James Harris appeals his 84-month sentence, imposed after he pled guilty to possession of a firearm by a convicted felon. He challenges two four-level enhancements he received at sentencing, one for trafficking of firearms pursuant to U.S.S.G. § 2K2.1(b)(5), and the other for possessing a firearm in connection with another felony offense pursuant to U.S.S.G. § 2K2.1(b)(6)(B). After careful review, we affirm in part and reverse in part and remand for further proceedings consistent with this opinion.

## I.    BACKGROUND

### A.    Facts[1]

On May 5, 2016, a confidential informant informed agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") that Kimberly White had called the informant to tell him that White had "just hit" and had firearms for sale. ATF Agent Jessica Stith interpreted White's statement that he had "just hit" to mean that he had just committed a burglary or robbery. The informant went to White's house and observed 10 to 12 firearms that still had merchandise tags on them. At the direction of ATF agents, the informant later arranged to purchase three firearms.

---

[1] These facts are derived from the testimony presented at the sentencing hearing. *See United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004) ("The district court's factual findings for purposes of sentencing may be based on, among other things, evidence heard during trial, undisputed statements in the [PSR], or evidence presented at the sentencing hearing.").

2

The informant and two undercover officers went to White's house later that day. After giving the informant two firearms, White told the undercover officers that the third firearm was located at Defendant's residence. He then directed them to Defendant's house located down the street.

Once at the residence, Defendant gave the third firearm to the informant who then turned it over to the undercover officers. The informant paid White with money given to him by the undercover officers, and White and Defendant immediately began dividing the proceeds. Defendant then sold two additional firearms to the undercover officers. When asked by the undercover officers if he had any more firearms to sell, Defendant answered in the affirmative. A subsequent investigation revealed that all five firearms sold by Defendant and White were reported stolen from Guns N Gold, a federal firearms licensee.

On May 9, 2016, the informant met again with Defendant to discuss the sale of additional firearms. Several days later, law enforcement officers executed a search warrant at Defendant's residence. The search revealed, among other things, a black duffle bag containing several rounds of ammunition, a Berretta handgun—later determined to be stolen from Guns N Gold—and four merchandise tags from Guns N Gold. Officers also found another bag containing a digital scale and three baggies filled with marijuana. ATF Agent Stith believed that the quantity of marijuana found could be used for distribution.

3

## B.    Procedural History

Defendant later pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  In preparation for sentencing, the probation officer prepared the Presentence Investigation Report ("PSR") and assigned Defendant a base offense level of 14, pursuant to U.S.S.G. § 2K2.1(a)(6). Defendant received several enhancements, including:  (1) a two-level enhancement under U.S.S.G. § 2K2.1(b)(1)(A) because the offense involved three or more firearms; (2) a two-level enhancement under § 2K2.1(b)(4)(A) because a firearm was stolen; (3) a four-level enhancement pursuant to § 2K2.1(b)(5) because Defendant engaged in trafficking of firearms; and (4) a four-level enhancement under § 2K2.1(b)(6)(B) because a firearm was used or possessed in connection with another felony offense.  Defendant's advisory guideline range was 84 to 105 months' imprisonment based on a total offense level of 23 and a criminal history category of V.  Defendant objected to the four-level enhancements under § 2K2.1(b)(5) and § 2K1.2(b)(6)(B).

At the sentencing hearing, the Government presented testimony from ATF Agent Stith in support of the sentencing enhancements.  Agent Stith testified about the details of the firearms purchases, as well as the items recovered during the search of Defendant's residence.  She explained that Guns N Gold was robbed on

the same day that the firearms purchases took place and that all five firearms sold by White and Defendant had been reported stolen by Guns N Gold.

Defendant argued that the trafficking-of-firearms enhancement under § 2K2.1(b)(5) was not applicable because there was no evidence establishing that he knew the informant was a convicted felon and thus could not legally possess a firearm, or that Defendant had reason to believe that the firearm would be used or disposed of illegally. As to the § 2K2.1(b)(6)(B) enhancement, Defendant argued that there was insufficient evidence establishing that he knew the firearms were connected with another felony offense.

The district court overruled Defendant's objections. As to the § 2K2.1(b)(5) enhancement, the district court agreed that there was insufficient evidence showing that Defendant knew the informant was prohibited from possessing a gun. However, the court found that the enhancement applied because the Government established by a preponderance of the evidence that Defendant knew or had reason to believe that he was selling a firearm to an individual who intended to use or dispose of the firearm unlawfully. As to the § 2K2.1(b)(6)(B) enhancement, the district court found that the Government established by a preponderance of the evidence that Defendant possessed the firearm in connection with the burglary of Guns N Gold. The district court sentenced Defendant to 84 months' imprisonment. This appeal followed.

5

## II.    DISCUSSION

We review the district court's application of the Sentencing Guidelines *de novo* and its factual findings for clear error. *United States v. Perez-Oliveros*, 479 F.3d 779, 783 (11th Cir. 2007). When reviewing for clear error, we will not disturb a district court's findings unless we are left with a definite and firm conviction that a mistake has been committed. *United States v. Dimitrovski*, 782 F.3d 622, 629 (11th Cir. 2015). The Government has the burden of establishing the facts necessary to support a sentencing enhancement by a preponderance of the evidence. *United States v. Aguilar-Ibarra*, 740 F.3d 587, 592 (11th Cir. 2014).

### A.    Enhancement for possession of a firearm in connection with another felony under U.S.S.G. § 2K2.1(b)(6)(B)

Defendant challenges the enhancement he received under U.S.S.G. § 2K2.1(b)(6)(B). Under § 2K2.1(b)(6)(B), a defendant receives a four-level enhancement if he "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). The application notes state that the enhancement applies if the firearm or ammunition "facilitated, or had the potential of facilitating, another felony offense." *Id.* § 2K2.1(b)(6)(B), comment. (n.14(A)). In the case of a burglary, the enhancement applies if "during the course of a burglary, [a defendant] finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary." *Id.* § 2K2.1(b)(6)(B), comment. (n.14(A), (B)).

6

The district court applied the § 2K2.1(b)(6)(B) enhancement after concluding that the Government established by a preponderance of the evidence that Defendant possessed a firearm in connection with the burglary of Guns N Gold. Defendant does not appear to argue that the enhancement would not apply in cases where a firearm is found or taken during a burglary. Instead, he asserts that there was insufficient evidence to establish that he had any connection to the burglary of Guns N Gold. We disagree.

Based on the evidence presented at the sentencing hearing, the district court reasonably inferred that Defendant was involved in the burglary. The Guns N Gold firearms store was robbed at around 4 a.m, and by noon, White had telephoned the confidential informant to report that he had "just hit" and had some firearms to sell. A few hours later, the informant, accompanied by undercover ATF agents, met up with White and Defendant and purchased the guns. The short time period between the burglary and Defendant's possession of the guns, by itself, suggests a connection between him and the burglary. In addition, White had admitted to the informant that he "just hit," meaning he had committed a burglary or robbery, and had some firearms for sale. That, combined with the fact that White sent the undercover purchasers to visit Defendant to purchase more guns and the fact that White and Defendant split the money from the sale, is more than sufficient to show Defendant's complicity with the man who had admitted to

7

stealing the guns. If that were not enough, agents found an additional firearm—also stolen from Guns N Gold—in a duffle bag, along with several Guns N Gold merchandise tags in Defendant's home. In addition, Defendant indicated to the undercover purchasers that he had more firearms he could sell. Finally, according to the undisputed facts in the PSR, Defendant and White had previously been arrested together for burglary-related activity. *See United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) ("It is the law of this circuit that a failure to object to allegations of fact in a [PSR] admits those facts for sentencing purposes.").

Based on these facts, we are not left with the definite and firm conviction that the district court made a mistake by concluding that Defendant possessed a firearm in connection with another felony offense—the burglary of Guns N Gold. Thus, the district court did not err by applying the four-level enhancement under § 2K2.1(b)(6)(B). *See* U.S.S.G. § 2K2.1(b)(6)(B), comment. (n.14(B)) (explaining that the § 2K2.1(b)(6)(B) enhancement is warranted in a burglary case because "the presence of a firearm has the potential of facilitating another felony offense").

**B.    Trafficking-of-firearms enhancement under U.S.S.G § 2K2.1(b)(5)**

Defendant argues that the Government failed to establish by a preponderance of the evidence that he knew or had reason to believe that the informant and the undercover officers intended to use or dispose of the firearms illegally. We agree that the Government's evidence in support of this enhancement

8

is much weaker.  Section 2K2.1(b)(5) of the Guidelines provides for a four-level enhancement if the defendant engaged in the trafficking of firearms.  U.S.S.G. § 2K2.1(b)(5).  Trafficking, as defined in this provision of the Guidelines, however, means more than just selling firearms.  This provision applies if, in relevant part, a defendant "knew or had reason to believe that [transferring a firearm to another individual] would result in the transport, transfer, or disposal of a firearm to an individual" who could not possess or receive a firearm or "who intended to use or dispose of the firearm unlawfully."  *Id.* § 2K2.1(b)(5), comment. (n.13(A)).  When determining whether a defendant knew his conduct would result in the transfer of a firearm to someone who intended to dispose of it illegally, courts look "to the circumstances known to the defendant."  *United States v. Asante*, 782 F.3d 639, 644 (11th Cir. 2015).

It had been the Government's original theory that Defendant knew that the informant was a convicted felon and that by selling firearms to him, Defendant had thereby transferred guns to an individual whom Defendant knew could not lawfully possess a firearm.  The Government, however, never offered any evidence that the informant was actually a convicted felon nor did it offer evidence that Defendant knew of the informant's status.  Accordingly, the district court found that the Government had failed to prove that the enhancement was appropriate based on the transfer to a prohibited person.

9

That meant that the trafficking enhancement could apply only if Defendant knew or had reason to believe that the transfer of the firearms was to an individual who "intended to use or dispose of the firearm unlawfully." U.S.S.G. § 2K2.1(b)(5), comment. (n.13(A)(ii)(II)). The Government, however, never identified what unlawful use of their newly purchased firearms the confidential informant or the undercover agents allegedly intended, or more precisely what illicit use Defendant might believe they would make of the guns. And without knowing what their purported illicit object might have been, it is difficult to conclude that the Defendant knew of this object. For this reason, we conclude that the Government failed to prove that Defendant knew the purchasers intended to use or transfer the gun illegally, and accordingly imposition of this enhancement was erroneous.

Without this trafficking enhancement, the Guidelines' range would have been only 57–71 months, not 84–105 months. The district court imposed a sentence of 84 months, which exceeds the appropriate range. A district court's erroneous application of an enhancement warrants reversal unless the court's error is harmless, as, for example, if the court has indicated that it would impose the same sentence regardless of whether the enhancement was applicable. *United States v. Perkins,* 787 F.3d 1329, 1341 (11th Cir. 2015). As the district court here did not indicate that it would impose the same sentence without this enhancement,

10

we vacate the sentence and remand for the court to resentence Defendant without

this particular enhancement.[2]

## III.    <u>CONCLUSION</u>

For the above reasons, Defendant's sentence is **AFFIRMED in part,**

**REVERSED in part, and REMANDED** for proceedings consistent with this

opinion.

---

[2]  Although Defendant also argues that the district court's improper application of the firearms enhancements rendered his sentence substantively unreasonable, an error in calculating the guideline range is generally a procedural error, not a substantive error. *See United States v. Hall*, 704 F.3d 1317, 1321 (11th Cir. 2013) ("A sentence is unreasonable if it contains significant procedural error, such as an improper calculation of the guidelines range.").  But to the extent he argues that his sentence is substantially unreasonable, we make no determination on that issue given our remand to the district court.