[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 19-12352
Non-Argument Calendar

————————————————

D.C. Docket No. 1:19-cr-20083-FAM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MAXIMIANO BAHENA MARTINEZ,
a.k.a. Maximiliano Barena Martinez,

Defendant - Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(May 28, 2020)

Before WILSON, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Maximiano Bahena Martinez appeals his 18-month sentence, an upward variance from his applicable Sentencing Guidelines range, which the district court imposed after he pled guilty to illegal reentry. After careful review, we affirm.

## I.    BACKGROUND

Bahena Martinez pled guilty to one count of illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a). In anticipation of sentencing, the probation office prepared a presentence investigation report ("PSR"). According to the PSR, Bahena Martinez had illegally reentered the United States on three prior occasions, one of which resulted in a conviction. Although he was awarded no points for them, the PSR also listed pending charges for driving under the influence ("DUI"), DUI/property damage, driving with a suspended license, and two charges of driving with an expired license, all relating to a 2010 car wreck that Bahena Martinez had while intoxicated. The PSR noted that Bahena Martinez was the financial provider for his wife and three minor children, all of whom lived in the United States. The probation office calculated a total offense level of 6 and a criminal history category of I, which yielded a guidelines range of 0 to 6 months' imprisonment.

Neither Bahena Martinez nor the government objected to the PSR, and at the sentencing hearing the district court adopted it. The government asked the district court to take into account the facts that Bahena Martinez's offense was his fourth

illegal reentry and his wife and children live in the United States; it requested a minimum of one year of supervised release and a condition that he not reenter if removed.  Bahena Martinez requested time served.  He explained that his family was supporting themselves on his earned savings and the income of his 15-year-old daughter because his wife had had surgery and could not yet work.  In that vein, the district court responded that Bahena Martinez's "parents are cattle ranchers," that he was "from a middle class family in Mexico," and that his "nephew contributes to rent," Doc. 36 at 10, all facts listed in the PSR.[1]

The district court acknowledged the sentencing factors set forth in 18 U.S.C. § 3553(a) and found that a guidelines-range sentence was insufficient because "it doesn't send a message." *Id.* at 6.  The court noted the chronology of Bahena Martinez's reentries, explaining that after he first illegally reentered, he caused a car wreck while driving under the influence with a suspended license, was removed again, and then illegally reentered twice more.  The court also surmised, based on Bahena Martinez's history of repeatedly reentering the country, that "he would come in again" for "a fifth time" thinking "that the punishment is only immediate removal." *Id.* at 7.  "[H]aving heard from all the parties," the court determined that "an upward variance is appropriate" and sentenced Bahena

---

[1] Citations in the form "Doc. #" refer to numbered entries on the district court's docket.

3

Martinez to 18 months' imprisonment followed by a year of supervised release.  *Id.* at 10.

This is Bahena Martinez's appeal.

## II.    STANDARDS OF REVIEW

We review the reasonableness of a sentence under a deferential abuse of discretion standard, considering the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a).  *Gall v. United States*, 552 U.S. 38, 41 (2007).  Under § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a)(2)—the need to reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment.  18 U.S.C. § 3553(a)(2).  The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id.* § 3553(a)(1), (3)-(7).

4

The party challenging a sentence bears the burden of proving the sentence is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). A district court imposes a substantively unreasonable sentence when it fails to afford consideration to relevant factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). The district court is free to "attach great weight to one factor over others." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (internal quotation marks omitted). But a sentencing court's "single-minded[]" focus on one factor to the detriment of other relevant sentencing factors "is a symptom of an unreasonable sentence." *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006) (internal quotation marks omitted). We will vacate a sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (internal quotation marks omitted).

When a sentencing court varies above the advisory guideline range, it must support that decision with a justification that is "'sufficiently compelling to support the degree of the variance.'" *Id.* at 1186 (quoting *Gall,* 552 U.S. at 50). We do not assume a sentence outside the guideline range is unreasonable and must give due

5

deference to the district court's decision that the extent of the variance is justified by the § 3553(a) factors. *Id.* at 1187.

## II.    DISCUSSION

Bahena Martinez argues that his sentence is substantively unreasonable because the district court unjustifiably hinged the sentence on a single factor, his prior removals and illegal reentries, and erred in imposing a substantial variance based on the car wreck and surrounding circumstances that gave rise to unadjudicated charges.

Setting aside whether we would have imposed the same sentence—treble the top of Bahena Martinez's guidelines range—had we been tasked with sentencing him in the first instance, we cannot say that the district court abused its discretion in imposing a sentence of 18 months. Bahena Martinez argues that beyond his removals and reentries "[n]o other factor was considered," including that his wife and children were in the United States, that his wife could not work because she had to undergo surgery, that he was the primary breadwinner for the household, and "the absence of any criminal conduct." Appellant's Br. at 12. But the record makes clear that the district court did consider these very factors. Bahena Martinez emphasized circumstances relating to his family at sentencing, and the district court discussed those circumstances, pointing out other relevant facts, including that Bahena Martinez came from a middle class family and that his nephew was

contributing to his wife's household expenses.[2]  The court also expressly

accounted for what it "heard from all parties" when imposing an upward variance.

Doc. 36 at 10.  Further, as Bahena Martinez acknowledges, the district court

considered his pending charges relating to the car wreck, a factor that contradicts

his assertion that the district court had no "criminal conduct" to consider.  The

district court was entitled to take these charges into account.  *See* 18 U.S.C. § 3661

(permitting district courts to consider, without limitation, "the information

concerning the background, character, and conduct of a person convicted of an

offense . . . for the purpose of imposing an appropriate sentence").

For similar reasons, we reject Bahena Martinez's argument that the district

court placed improper weight on traffic-related offenses and failed to consider

other § 3553(a) factors.  The district court expressly considered "the history and

characteristics of" Bahena Martinez, 18 U.S.C. § 3553(a)(1); the need for the

sentence "to afford adequate deterrence," *id.* § 3553(a)(2)(B), explaining that

Bahena Martinez would likely reoffend absent the court "send[ing] a message,"

Doc. 36 at 5; and Bahena Martinez's guidelines range, 18 U.S.C. § 3553(a)(4).

Although the district court placed great weight on Bahena Martinez's criminal

history—which included the unadjudicated charges *and* his four illegal reentries,

---

[2] By failing to object to the PSR, Bahena Martinez "is deemed to have admitted [the facts set forth in it] and the district court was entitled to rely on [those facts]."  *United States v. Aguilar-Ibarra*, 740 F.3d 587, 592 (11th Cir. 2014).

one of which resulted in a conviction—it was entitled to do so. *Rosales-Bruno*, 789 F.3d at 1254.

Bahena Martinez's arguments have not "left [us] with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (internal quotation marks omitted). We therefore affirm the sentence the district court imposed.

**AFFIRMED.**

8