[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13643
Non-Argument Calendar
_____

Agency No. A047-031-175

ODELSON GEORGES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 11, 2020)

Before BRANCH, GRANT, and FAY, Circuit Judges.

PER CURIAM:

Odelson Georges seeks review of the Board of Immigration Appeals (BIA) order affirming an order of removal based on his conviction for an aggravated felony.  Georges argues that none of his convictions (for conspiracy to possess 15 or more unauthorized access devices—namely, Social Security numbers—possession of 15 or more unauthorized access devices, and aggravated identity theft) qualify as an aggravated felony as that term is defined in 8 U.S.C. § 1101(a)(43)(M)(i) and (U) because the conduct for which he was convicted did not result in loss to the victim exceeding $10,000.  We hold that the BIA correctly determined that Georges had been convicted of an aggravated felony, and we therefore deny the petition.

## I.

Georges is a native and citizen of Haiti who was granted lawful permanent residency in the United States in 1999.  In 2013, a federal grand jury returned an indictment charging Georges and a codefendant with conspiracy to possess 15 or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3) and (b)(2) (Count 1); possession of 15 or more unauthorized access devices, in violation of 18 U.S.C. §§ 1029(a)(3) and 2 (Count 2); and three counts of aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2 (Counts 3–5).  The indictment alleged that the purpose of the conspiracy charged in Count 1 was to possess stolen personal identifying information in order to file fraudulent

2

tax returns and collect refunds from the IRS. Georges pleaded guilty to Counts 1 through 3 of the indictment. The district court sentenced him to 32 months' imprisonment and ordered him to pay restitution in the "total loss" amount of $12,982.

The Department of Homeland Security issued Georges a notice to appear charging that he was subject to removal for having been convicted of an aggravated felony under 8 U.S.C. § 1101(a)(43)(M) (an offense involving fraud or deceit in which the total loss to the victim exceeds $10,000) and (a)(43)(U) (attempt or conspiracy to commit such an offense). Georges denied that the loss to his victim exceeded $10,000 and denied that he was subject to removal. He moved to terminate the removal proceedings, arguing that the amount of the restitution order did not represent the amount of loss for purposes of § 1101(a)(43)(M) because it included loss that was due to uncharged conduct. Specifically, he asserted that the district court's "total loss" calculation of $12,982 was based on the refunds for five fraudulent tax returns, two of which were accounted for in the charges that were dismissed as part of his plea agreement and two of which were never charged. According to Georges, the IRS paid a refund of $2,000 to $3,000 for each of the five tax returns, so the loss from the single fraudulent tax return that formed the basis for his conviction on Count 3 could not have exceeded $10,000.

3

The immigration judge denied Georges's motion to terminate the proceedings and entered an order of removal, finding that there was a clear connection between the five fraudulent tax returns and Georges's convictions for possession and conspiracy to possess unauthorized access devices with intent to defraud. Georges appealed to the BIA, which dismissed his appeal. He now seeks review of the final order of removal.

## II.

Whether we have subject matter jurisdiction over a petition for review is a threshold question that we consider de novo. *Guzman-Munoz v. U.S. Att'y Gen.*, 733 F.3d 1311, 1313 (11th Cir. 2013). We also review de novo whether a prior conviction qualifies as an aggravated felony. *Accardo v. U.S. Att'y Gen.*, 634 F.3d 1333, 1335 (11th Cir. 2011).

## III.

We first address the government's contention that we should dismiss Georges's petition for lack of jurisdiction. Under the Immigration and Nationality Act (INA), our jurisdiction to review a final order of removal that is based on the alien's conviction for an aggravated felony is limited; in such circumstances, the alien "may obtain judicial review of constitutional and legal challenges to the final order of removal, but not of factual challenges to the final order of removal." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1687–88 (2020); *see* 8 U.S.C. § 1252(a)(2)(C)–

4

(D).  Whether a petitioner's conviction constitutes an aggravated felony is a question of law that falls within our jurisdiction.  *Balogun v. U.S. Att'y Gen.*, 425 F.3d 1356, 1360 (11th Cir. 2005); *see also Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1067 (2020) (federal appellate court jurisdiction to decide questions of law includes jurisdiction to review "the application of a legal standard to undisputed or established facts").  We therefore proceed to consider the limited question of whether Georges was convicted of an aggravated felony, as that term is defined in the INA, rendering him removable under 8 U.S.C. § 1227(a)(2)(A)(iii).

## IV.

"Any alien who is convicted of an aggravated felony at any time after admission is deportable."  8 U.S.C. § 1227(a)(2)(A)(iii).  An offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000" is an aggravated felony, as is an attempt or conspiracy to commit such an offense.  8 U.S.C. § 1101(a)(43)(M)(i), (U).  To prove that an alien is removable for having been convicted of an aggravated felony under § 1101(a)(43)(M)(i) or (U), the government must present clear and convincing evidence that the loss to the victim exceeds $10,000.  8 U.S.C. § 1229a(c)(3)(A); *see Nijhawan v. Holder*, 557 U.S. 29, 42 (2009).  The amount of loss is determined by reference to the specific circumstances surrounding the alien's commission of the crime, and "the 'loss' must 'be tied to the specific counts covered by the conviction.'"  *Nijhawan*, 557

5

U.S. at 40, 42 (citation omitted).  The government may meet its burden of proof by reference to "sentencing-related material" (in addition to charging documents, jury findings, or plea documents), as long as the alien has been given a fair opportunity to contest the evidence.  *Id.* at 41–42.

Georges does not deny that the crimes at issue involved fraud or deceit.  His only contention is that the order of restitution in the amount of $12,982 is not the appropriate measure of loss to the IRS because that amount was not "tied to the specific counts" of conviction.  We disagree.

We have no difficulty concluding that the loss associated with Georges's conviction for conspiracy to possess 15 or more unauthorized access devices exceeded $10,000.[1]  According to uncontested information in the presentence investigation report (PSR) and the plea documents, Georges and at least one coconspirator obtained the names, birth dates, and Social Security numbers of more than 100 patients from a hospice care provider and a local hospital.  They used the stolen patient information to file fraudulent tax returns in an effort to collect refunds from the IRS.  The IRS paid refunds to the coconspirators for at least five of the fraudulent tax returns, resulting in a loss of $12,982.

---

[1] Because Georges's conspiracy offense qualifies as an aggravated felony under the INA, we need not consider whether his conviction for possession of 15 or more unauthorized access devices also qualifies.

6

By pleading guilty to Count 1 as charged in the indictment, Georges admitted that the purpose of the conspiracy was to obtain personal identifying information in order to file fraudulent tax returns and make money from the refunds paid by the IRS.  The five fraudulent tax returns referenced in Georges's PSR clearly were filed in furtherance of this conspiracy, so that the total loss from all five of the tax returns was "tied to" the conspiracy count of conviction. Georges has never disputed—and has therefore admitted—the statements in his PSR that the loss from those five tax returns amounted to $12,982.  *See United States v. Aguilar-Ibarra*, 740 F.3d 587, 592 (11th Cir. 2014) (defendant is deemed to have admitted statements in the PSR "that he has not objected to 'with specificity and clarity'" (citation omitted)).  Thus, the government presented clear and convincing evidence that the loss associated with Georges's conviction for conspiracy to possess 15 or more unauthorized access devices exceeded $10,000.

V.

Because Georges was convicted of conspiring to commit an offense involving fraud in which the loss to the victim exceeded $10,000, the BIA correctly concluded that Georges was deportable under § 1227(a)(2)(A)(iii) for having committed an aggravated felony.  We therefore deny the petition for review of the final order of removal.

**PETITION DENIED.**

7