[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11934

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JEFFERY SIKES,
a.k.a. Kenneth Allen,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:22-cr-00020-TFM-N-1

_____

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Jeffery Sikes appeals his 216-month sentence for conspiracy to maliciously destroy by fire.  On appeal, Sikes asserts that the district court erred when determining and explaining its sentence because (1) it relied on evidence from a joint presentencing evidentiary hearing; (2) its written statement of reasons for his sentence conflicts with its oral explanation; and (3) it relied on, as he calls them, "uncharged bad acts" not proven by a preponderance of the evidence.[1]  After careful consideration, we affirm the district court.

The facts are known to the parties, and we repeat them here only as necessary to decide the case.

**I**

First, we address Sikes's argument that the district court violated his rights to due process and fair notice when sentencing him because it relied on evidence from a joint presentencing

---

[1] Sikes forfeited any argument that he did not receive fair notice that the district court was considering an upward departure for his sentence.  Any argument to that effect in his appellate brief is—at best—a passing reference buried among other arguments addressing other issues.  *See United States v. Corbett*, 921 F.3d 1032, 1043 (11th Cir. 2019).

evidentiary hearing.

We review a constitutional challenge to a sentence de novo. *United States v. Hall*, 965 F.3d 1281, 1293 (11th Cir. 2020). "Due process requires that a criminal defendant have adequate notice of, and an opportunity to contest, the facts used to support his criminal penalty." *United States v. Plasencia*, 886 F.3d 1336, 1343 (11th Cir. 2018). That said, due process requirements at sentencing are less exacting than those at trial. *Id.* "The defendant's primary due process interest at sentencing is the right not to be sentenced on the basis of invalid premises or inaccurate information." *Id.* (quotation marks omitted). Thus, "the degree of due process protection required at sentencing is only that which is necessary to ensure that the district court is sufficiently informed to enable it to exercise its sentencing discretion in an enlightened manner." *Id.* (quotation marks omitted).

A sentencing court's "factual findings for purposes of sentencing may be based on . . . evidence presented during the sentencing hearing." *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004). However, "evidence presented at the . . . sentencing hearing[] of another may not—*without more*—be used to fashion a defendant's sentence if the defendant objects." *United States v. Washington*, 714 F.3d 1358, 1362 (11th Cir. 2013) (emphasis in original and alteration adopted). In particular, we've instructed that a defendant must have the "opportunity to rebut [such] evidence or generally to cast doubt upon its reliability." *Id.*

Here, the district court did not err when it considered testimony from a joint presentencing evidentiary hearing when sentencing Sikes.[2] The district court informed Sikes (and his codefendants) that information presented at the joint hearing might be relevant to their individual sentencing proceedings. Similarly, the district court emphasized when explaining its plan for the joint proceedings that all defendants would be able to present evidence that they believed might mitigate their sentence, even if it implicated a codefendant. And the record indicates that the district court provided Sikes ample opportunity to cast doubt on other parties' evidence during the joint proceedings, including through the cross-examination of witnesses. Thus, we reject Sikes's assertion that he lacked notice or that his due process rights were otherwise violated when the district court relied on evidence gathered during the joint presentencing evidentiary hearing when determining his individual sentence. *Plasencia*, 886 F.3d at 1343; *Washington*, 714 F.3d at 1361–62.

## II

Next, we address Sikes's argument that the district court impermissibly relied on evidence in its oral pronouncement not set

---

[2] Sikes adds that the district court told him he did not have "standing" to make specific objections during the joint evidentiary hearing, and thus, that his defense was "hamstrung." This argument is likewise unavailing. When read in proper context, the district court's statement that Sikes had no "standing" concerned his challenge to his codefendants' mitigation evidence. It was not, as Sikes's argument implies, a statement that Sikes had no standing whatsoever to cast doubt on the evidence gathered during the joint hearing.

out in its written explanation when enhancing his sentence. "When a sentence pronounced orally and unambiguously conflicts with the written order of judgment," we may remand the case to the district court "with instructions to correct the written judgment to accord with the oral pronouncement of sentence." *United States v. Bates*, 213 F.3d 1336, 1340 (11th Cir. 2000). Crucially, though, in such circumstances, "the oral pronouncement governs." *Id.*

We see no reason to issue such a limited remand here. First off, Sikes failed to cite any controlling authority in support of his argument and offered only a conclusory assertion that we should remand his case. Thus, Sikes arguably abandoned this issue. *See United States v. Mosquera*, 886 F.3d 1032, 1053 (11th Cir. 2018). In any event, Sikes's argument fails on its own terms because the district court's explanation at sentencing here does not "unambiguously conflict[] with the written order of judgment." *Bates*, 213 F.3d at 1340. As we understand his argument, Sikes asserts that the district court erred because it explicitly named several factual considerations for enhancing his sentence at the oral pronouncement but did not list them in detail in the written statement of reasons. True, at the oral pronouncement, the district court detailed several reasons for increasing Sikes's sentence beyond the guidelines range, such as a previous fraud committed by Sikes, his mistreatment of a codefendant, and the significant property damage that resulted from the conspiracy involved in this case. But we understand those comments in the general context of the district court's ultimate determination that Sikes's case was "completely outside

the heartland of what the [G]uidelines [were] designed to get at," and thus that the Sentencing Guidelines were "woefully inadequate for the crime." That conclusion generally syncs up with the district court's written statement of reasons for his sentence, which describes how the district court concluded that "[t]he guidelines are inadequate and would not provide a reasonable sentence" due to "[a]ggravating/[m]itigating [c]ircumstances." Accordingly, we do not conclude that any differences between the district court's oral pronouncement and written judgment, if such differences exist, amount to an unambiguous conflict that would justify a limited remand.

## III

Finally, we consider Sikes's argument that the district court erred when it relied on "uncharged bad acts" to enhance his sentence.

This Court reviews the factual findings underlying a district court's chosen sentence only for clear error. *Hall*, 965 F.3d at 1293. Factual findings are clearly erroneous when the appellate court, on the record as a whole, "is left with a definite and firm conviction that a mistake has been committed." *United States v. Barrington*, 648 F.3d 1178, 1195 (11th Cir. 2011) (quotation marks omitted). "When a defendant challenges one of the factual bases of his sentence, the government must prove the disputed fact by a preponderance of the evidence." *United States v. Aguilar-Ibarra*, 740 F.3d 587, 592 (11th Cir. 2014). "Although not as rigorous as the reasonable doubt or clear and convincing standards, the preponderance standard is

23-11934            Opinion of the Court            7

not toothless." *United States v. Lawrence*, 47 F.3d 1559, 1566 (11th Cir. 1995).

We give substantial deference to the factfinder in reaching a credibility determination regarding witness testimony. *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015). Notably, "we will not reverse a district court's factual finding concerning credibility unless the finding is contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it." *United States v. Cavallo*, 790 F.3d 1202, 1227 (11th Cir. 2015) (quotation marks omitted).

Here, we reject Sikes's argument that the district court clearly erred by, as he puts it, relying on "uncharged bad acts" not supported by a preponderance of the evidence when determining his sentence. The only argument made by Sikes with even a modicum of specificity is his assertion that the district court's finding that he defrauded people in past business ventures was not supported by the sufficiency of the evidence. Contrary to Sikes's portrayal, though, the record indicates that the district court found witness testimony regarding this past fraud to be credible. Indeed, the record shows multiple witnesses testified as to the manner in which he carried out that previous scheme—including telling lies as to his background and altruistic motivations in order to gain and exploit victims' trust. Because this testimony was "not contrary to the laws of nature, or so inconsistent that no reasonable factfinder could accept it," we reject Sikes's argument that the district court's reliance on his previous fraudulent acts was not supported by a

preponderance of evidence. *Cavallo,* 790 F.3d at 1227.  As for Sikes's vague reference to other "uncharged bad acts," this discussion is so perfunctory in nature that we consider this argument abandoned. *Mosquera*, 886 F.3d at 1053.

**AFFIRMED.**