**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

––––––––––––––––––––––––

No. 24-13453
Non-Argument Calendar

––––––––––––––––––––––––

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

EDWARD HODGSON,

*Defendant-Appellant.*

––––––––––––––––––––––––

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cr-00095-CEH-AEP-1

––––––––––––––––––––––––

Before BRASHER, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Edward Hodgson appeals his 108-month imprisonment sentence for (1) conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 1,000 kilograms or more of

marijuana while aboard a vessel subject to the jurisdiction of the United States and (2) aiding and abetting the possession with intent to distribute 5 kilograms or more of cocaine and 1,000 kilograms of more of marijuana while aboard that same vessel.

Hodgson argues that the district court erred in applying a sentencing enhancement under U.S.S.G. § 2D1.l(b)(3)(C) for vessel captains without sufficient evidence that he qualified for the enhancement. With the sentencing enhancement for vessel captains, Hodgson's sentencing guideline range was 135 to 168 months' imprisonment. After considering a variety of factors, the judge granted Hodgson a downward variance and imposed a 108-month sentence. Hodgson challenges this sentence, arguing that without the allegedly erroneous sentencing enhancement, the proper sentencing guideline range would have been 108 to 135 months.

We review a preserved challenge to the district court's factual findings underlying the application of U.S.S.G. § 2D1.1(b)(3)(C) for clear error. *See United States v. Cartwright*, 413 F.3d 1295, 1298 (11th Cir. 2005).[1] Factual findings are clearly erroneous when the appellate court "is left with the definite and firm conviction that a mistake has been committed" based on the record as a whole. *United States v. Barrington*, 648 F.3d 1178, 1195 (11th Cir. 2011) (citation modified). "The court's choice between two permissible views of the evidence will rarely constitute clear error, so long as the basis of the trial court's decision is supported by the record

---

[1] When *Cartwright* was decided, the captain enhancement was found in U.S.S.G. § 2D1.1(b)(2)(B), and it was later moved to § 2D1.1(b)(3)(C).

and the court did not misapply a rule of law." *United States v. Valois*, 915 F.3d 717, 731 (11th Cir. 2019). When a defendant challenges one of the factual bases of his sentence, the government must prove the disputed fact by a preponderance of the evidence. *United States v. Aguilar-Ibarra*, 740 F.3d 587, 592 (11th Cir. 2014).

A defendant receives a two-level enhancement if he unlawfully imported a controlled substance while acting as a "copilot, captain, navigator . . . or any other operation officer aboard any craft or vessel carrying a controlled substance." U.S.S.G. § 2D1.1(b)(3)(C). This sentencing enhancement applies even if the individual is "not officially named the captain." *Cartwright*, 413 F.3d at 1299. For instance, in *Cartwright*, the enhancement applied to a defendant who, though not officially named the captain, (1) drove the boat, (2) followed instructions on where to steer the boat, and (3) used a compass to navigate. *Id.* And further, we have determined that the enhancement applies even when the defendant shared captain duties with other codefendants. *Id.*

We have also previously stressed that the sentencing enhancement does not turn on a technical or rigid definition of the term captain. *United States v. Rendon*, 354 F.3d 1320, 1329 (11th Cir. 2003). As such, in *Rendon*, we concluded that the enhancement was proper when a defendant identified himself as the captain to boarding customs agents, and his codefendants testified that they considered the defendant to be the captain.

Relatedly, in *United States v. Hernandez*, 864 F.3d 1292, 1308 (11th Cir. 2017), we affirmed the district court's finding that the

defendant acted as the captain because the defendant held a captain's license in Guatemala, he identified himself as the vessel's captain to the Coast Guard, and his codefendant confirmed that Hernandez was the captain. We noted that "[a] captain generally acts as a captain as the ship's ultimate decisionmaker, even when the captain delegates aspects of the operation of the vessel." *Id.* at 1309.

Further, in *United States v. Ramirez*, 426 F.3d 1344, 1355 (11th Cir. 2005), we stated there was "no dispute" the defendant was captain of the vessel because "he possessed documentation identifying him as the captain of a fishing vessel and that he was the captain and operated the boat."

Based on the above, and bearing in mind that we look to the "facts of each case" in determining whether the captain sentencing enhancement applies, the district court did not clearly err in finding that Hodgson was the boat's captain. *Cartwright*, 413 F.3d at 1298. The record reflects that Hodgson undisputedly identified himself as the captain of the vessel to the U.S. Coast Guard. His two codefendants both later identified Hodgson as the captain. Hodgson jointly operated the boat with Zelya Mejia, and, according to Zelya Mejia's FBI proffer, Hodgson gave the order to throw the drugs overboard after the crew spotted the Coast Guard helicopter.

The above is sound evidence, based on our fact- and case-specific approach to determining whether a defendant acted as captain, that Hodgson was the captain here. Though Hodgson now denies that he was the captain, the district court was free to choose "between two permissible views of the evidence" and discount this

24-13453　　　　　　Opinion of the Court　　　　　　　　5

denial. *Valois*, 915 F.3d at 731. Therefore, we cannot say that the district court clearly erred in applying the challenged sentencing enhancement. *See Cartwright*, 413 F.3d at 1299.

As a result, Hodgson's sentencing is **AFFIRMED.**