[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12849
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-20293-FAM-1


UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

ROXANA CARRERAS,

Defendant–Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 29, 2019)


Before TJOFLAT, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Roxana Carreras appeals her conviction and within-guidelines sentence for conspiracy to commit health care fraud and wire fraud, in violation of 18 U.S.C. § 1349.  No reversible error has been shown; we affirm.

Briefly stated, Carreras -- a licensed occupational therapist -- was charged with conspiring with others to falsify patient treatment records used to bill Medicare.  Among other things, the evidence demonstrated that Carreras signed patient evaluations without having seen patients herself.  Carreras also entered into an agreement with a licensed physical therapist ("PT") in which Carreras -- in exchange for payment -- performed evaluations on the PT's patients and provided the PT with the information necessary for the PT to complete fraudulent patient records.

Following a three-day trial, the jury found Carreras guilty of the charged offense.  The district court sentenced Carreras to 204 months' imprisonment and ordered Carreras to pay restitution of over $8.3 million.

I.

On appeal, Carreras contends she is entitled to a new trial based on the district court's failure to strike inadmissible hearsay evidence and to issue a curative instruction. During trial, one of Carreras's coconspirators testified that a female masseuse (not a licensed occupational therapist) would see patients in lieu of Carreras. The following exchange then took place:

Q.     Was [the masseuse] given any instructions about what to say or not say to the patient?

A.     [The masseuse] was saying to the patients that she was Roxana Carreras.

THE COURT:     How do you know that?

THE WITNESS:   Because that was being said at the office.

THE COURT:     Who said that?

THE WITNESS:   Who was saying it to her at the office?

THE COURT:     Yeah. How do you know that?

THE WITNESS:   The staff, whoever was assigning the patient.

THE COURT:     No, tell me the name. Sustained.

Carreras's lawyer objected, moved to strike, and moved for a curative instruction. In response, the district court provided some explanation to the witness and to the jury about the general inadmissibility of hearsay evidence. The

3

district court, however, made no express unambiguous ruling on Carreras's motions to strike and for a curative instruction.

We review the district court's evidentiary rulings for clear abuse of discretion. United States v. Dodds, 347 F.3d 893, 897 (11th Cir. 2003). "Evidentiary and other non-constitutional errors do not constitute grounds for reversal unless there is a reasonable likelihood that they affected the defendant's substantial rights; where an error had no substantial influence on the outcome, and sufficient evidence uninfected by error supports the verdict, reversal is not warranted." United States v. Schlei, 122 F.3d 944, 980 (11th Cir. 1997).

Even if we assume -- without deciding -- that the district court erred in failing to strike the objected-to hearsay testimony or to issue an unambiguous curative instruction, no new trial is warranted. The government presented overwhelming evidence of Carreras's knowing participation in a scheme to defraud Medicare. Several coconspirators testified about Carreras's involvement in falsifying patient treatment records to facilitate billing Medicare for services that were either not rendered or that were performed by unlicensed therapists. The government also presented evidence of payments Carreras received in exchange for Carreras's false signatures on patient records and provision of unlicensed therapy. Given the strong evidence of Carreras's guilt, we are certain that the purported evidentiary error had no substantial influence on the outcome of the trial

4

and had no effect on Carreras's substantial rights. We affirm Carreras's conviction.

II.

Carreras next challenges the district court's <u>sua sponte</u> application of a two-level obstruction-of-justice sentencing enhancement. The district court determined that the enhancement was warranted based on a determination that Carreras perjured herself while testifying at trial.

Because Carreras raised no objection to the obstruction-of-justice sentencing enhancement in the district court, we will review this issue only for plain error. <u>See United States v. Aguilar-Ibarra</u>, 740 F.3d 587, 592 (11th Cir. 2014). To establish plain error, Carreras must show (1) error, (2) that was plain, (3) that affected her "substantial rights in that it was prejudicial and not harmless;" and (4) that seriously affected "the fairness, integrity, or public reputation of judicial proceedings." <u>See id</u>.

We review the district court's findings of fact for clear error. <u>United States v. Rothenberg</u>, 610 F.3d 621, 624 (11th Cir. 2010). We will find clear error only if we are "left with a definite and firm conviction that a mistake has been committed." <u>Id</u>. "Where there are two permissible views of the evidence, the

5

factfinder's choice between them cannot be clearly erroneous." Anderson v. Bessemer City, 470 U.S. 564, 574 (1985).

Under the Sentencing Guidelines, a defendant's offense level may be increased by two if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1. The kinds of conduct that justify an obstruction-of-justice enhancement include perjury. See id. § 3C1.1 cmt. n.4(B). A witness commits perjury when she gives "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993). We have said that "individualized findings regarding the obstruction of justice enhancement are not necessary" if "the record clearly reflects the basis for the enhancement and supports it." United States v. Guevara, 894 F.3d 1301, 1311 (11th Cir. 2018).

Here, the record supports the district court's determination that Carreras perjured herself during her trial testimony. During her testimony, Carreras denied flatly having signed patient progress notes without having seen the patient, having treated or evaluated non-occupational-therapy patients, and having received compensation for seeing non-occupational-therapy patients. Carreras's testimony was contradicted by the detailed testimony of several of Carreras's coconspirators

6

about Carreras's active participation in the conspiracy and by evidence that Carreras benefitted financially from the fraudulent scheme.  During her testimony, Carreras also denied the authenticity of her signature on documents (including on her own passport) that were later shown to bear her actual signature.

Considering the whole record, we are left with no definite and firm conviction that the district court clearly erred in finding that Carreras engaged in a pattern of "constant fraud and lying" and "general perjury" during her testimony. Nor are we convinced that the district court committed clear error in determining that Carreras's misidentification of her signatures constituted a willful attempt to mislead the jury.

Given the evidence of Carreras's intentional false testimony, Carreras has failed to show that the district court erred -- plainly or otherwise -- in applying a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1.

III.

Carreras next challenges the substantive reasonableness of her sentence. Carreras traces the unreasonableness to what she contends was an abuse of discretion by giving significant weight to two impermissible factors: Carreras's socioeconomic status and her failure to pay restitution.

7

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  See Gall v. United States, 552 U.S. 38, 41 (2007).  "The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts."[1]  United States v. Rosales-Bruno, 789 F.3d 1249, 1256 (11th Cir. 2015).

"A district court abuses its discretion when it (1) fails to afford consideration to the relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  United States v. Plate, 839 F.3d 950, 957 (11th Cir. 2016) (emphasis in original).  Only when "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case" will we reverse a sentence.  United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).

We review the sentence's substantive reasonableness under the totality of the circumstances.  Gall, 552 U.S. at 51.  A sentence substantively is unreasonable

---

[1] Under section 3553(a), a district court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities.  18 U.S.C. § 3553(a)(1)-(7).

if it "fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Carreras has failed to show that her sentence is substantively unreasonable. In determining Carreras's sentence, the district court considered the parties' arguments and the section 3553(a) factors. The district court focused on the seriousness of the offense and on the need to provide specific and general deterrence, to promote respect for the law, and to protect the public. The district court stressed the negative impact that Medicare fraud has on the country's health care system. The district court also opined that "tough sentences" were necessary as a deterrent in white-collar crime cases, given the tendency for people to consider crimes against the government as less serious than crimes committed against a person.

Immediately after these observations the district court added, "It's just not fair, and that's the reason why the sentence is going to be severe." The district court also explained that -- given Carreras's leadership role in the offense, failure to accept responsibility, and her obstruction of justice (perjury) -- a sentence in the middle of the guidelines range would be appropriate. The district court then sentenced Carreras to 204 months' imprisonment: a sentence that fell in the middle of Carreras's calculated guideline range of 188 to 235 months.

On appeal, Carreras contends that the district court committed reversible error by affording too much weight to her socioeconomic status and her failure to pay restitution.[2] We disagree. To the extent the district court noticed Carreras's socioeconomic status or her non-payment of presentence restitution, the district court did so in the context of explaining the Court's rejection of the assertion that

---

[2] Carreras relies on the following excerpts from the sentencing hearing. First, in response to Carreras's request for a downward variance (a request based in part on the disparity between Carreras's sentence and the sentences of her co-defendants) the district court said these words:

> THE COURT: And the amount of restitution is $8.3 million. How much has she paid so far? I assume zero.
>
> [DEFENSE COUNSEL]:    So far, zero.
>
> THE COURT:        She has assets of $690,000 and not one dime is given. There was money for liposuctions and breast augmentation and Jeep Wranglers and things of that nature, but there is no money for restitution. What do I do with that?

Second, after announcing Carreras's sentence, the district court made this statement:

> I recognize that it's probably perceived as a tough sentence considering the other sentences imposed and maybe those were lenient. I have struggled with it, but I find that the factors are sufficiently different. The fact that this defendant has assets and net worth of more than half a million dollars, 600 and some thousand dollars, that no effort has been made for restitution, that she was a leader and organizer, and the others got a break -- maybe too much of a break -- for cooperating, but those are sufficient distinctions. And the guidelines sentence I think in the middle, not even the top, is reasonable and that's why I'm doing that.

Then, at the end of the sentencing hearing, the district court addressed the courtroom, and said these words:

> Medicare fraud, health care fraud is very serious. Spread the word around. People cannot do that. It is wrong. It is so wrong. It's affecting our society tremendously, as much as drug dealing, with less excuse because the people who commit health care fraud come from good families with good backgrounds, have no excuse to do it. Sometimes the people who commit violent crimes don't have an excuse, but there's a little bit of a reason.

10

Carreras's sentence would result in an unwarranted sentencing disparity -- in the light of her colleagues in the crime. We view the district court as distinguishing between Carreras -- whose acts prior to sentencing showed no remorse or acceptance of responsibility for her criminal conduct (although she seemed to have the means of doing so) -- and her co-defendants who received reduced sentences after pleading guilty and cooperating with the government. The guilty pleas and cooperation of these other defendants evidenced some remorse and acceptance of responsibility by them. The district court regarded Carreras as too different from the co-defendants to give rise to a legitimate claim of disparity in sentencing.

We do not accept that everything mentioned by a judge at a sentencing is much, or even actually, weighed in setting the ultimate terms of a sentence: we say with certainty that not every mention of economic status at a sentencing hearing is a per se reversible error. Viewing the record as a whole, we cannot say that the district court gave significant/improper weight to Carreras's socioeconomic status or to her failure to pay restitution in setting an appropriate sentence.

Contrary to Carreras's argument on appeal, the circumstances of this case are distinguishable from the circumstances involved in Plate. Most important, nothing in the present case has to do with a defendant's apparently being punished more severely because of the defendant's poverty. In Plate, we vacated a sentence as substantively unreasonable based on the district court's "obvious" and

11

"unambiguous" statements that -- but for the defendant's inability to pay restitution in full -- the court would have imposed a non-custodial sentence. 839 F.3d at 957-58 (explaining that "[a] sentence that is based entirely upon an impermissible factor is unreasonable because such a sentence does not achieve the purpose of § 3553(a)." (emphasis added)). Unlike in Plate, the structure of this sentencing record undercuts the view that Carreras's non-payment of restitution, in itself, constituted a significant -- let alone the sole dispositive -- factor in determining Carreras's sentence.

We again reject the assertion that the district court's mention of Carreras's socioeconomic status constituted per se error. Our caselaw makes clear that we review the reasonableness of a sentence based on the totality of the circumstances. See Gall, 552 U.S. at 51; Pugh, 515 F.3d at 1192. Thus, even if a district court mentions an irrelevant or improper factor, we will remand for resentencing only "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictate by the facts of the case." Pugh, 515 F.3d at 1191-92.

Considering the totality of the circumstances presented in this case, we are left with no "definite and firm conviction" that the district court clearly erred in

determining Carrera's sentence.  Because Carreras's sentence falls within "the

range of reasonable sentences dictated by the facts of the case," we affirm.  See id.

AFFIRMED.