[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13723

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANTHONY EZEQUIEL LOPEZ,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20496-RKA-1

_____

Before BRANCH, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Anthony Lopez appeals his below-guidelines sentence of 135 months' imprisonment following his guilty plea to one count of selling child pornography. He argues that his sentence is substantively unreasonable, particularly because his codefendant received a lesser sentence of 84 months' imprisonment. After review, we affirm.

## I.    Background

In 2021, a federal grand jury indicted Lopez on one count of selling child pornography, in violation of 18 U.S.C. § 2252(a)(3)(B) & (b)(1), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) & (b)(2). Pursuant to a written plea agreement, Lopez pleaded guilty to selling child pornography in exchange for the dismissal of the possession count.[1]

Lopez used a Twitter account to advertise and sell child pornography, including selling such materials to an undercover officer. According to his presentence investigation report ("PSI"), Lopez recruited his boyfriend, Jordan Ewers, to sell child pornography, and he provided Ewers with the material to sell and taught him how to receive payments through CashApp and

---

[1] The agreement did not contain a sentence-appeal waiver.

PayPal.[2]    Lopez possessed "more files containing child pornography than Ewers[,]" and Lopez received more money from the sales than Ewers.[3]   Some of the child pornography Lopez possessed depicted children under 12 years old.

Lopez's advisory guidelines range was 210 to 240 months' imprisonment.   He faced a mandatory minimum of 5 years' imprisonment and a statutory maximum of 20 years' imprisonment.

Prior to sentencing, Lopez filed a motion for a downward variance, arguing for the mandatory minimum of 5 years' imprisonment.   He maintained that several factors supported his request, including his age at the time of the offense (19), and that the child pornography sentencing guidelines were "inflated and out of date" for a number of reasons.

At sentencing, the government argued for a below-guidelines sentence of 168 months' imprisonment, noting that such a sentence was appropriate because Ewers received a sentence of 84 months' imprisonment, and in the government's view, Lopez "was twice as responsible."   The government emphasized that

---

[2] Lopez did not object to any statements in his PSI; therefore, he is "deemed to have admitted" those statements. *United States v. Aguilar-Ibarra*, 740 F.3d 587, 592 (11th Cir. 2014).

[3] A grand jury indicted Ewers separately on one count of selling child pornography.   Ewers pleaded guilty and was sentenced to 84 months' imprisonment to be followed by 15 years' supervised release.

Lopez initiated the selling of child pornography, taught Ewers how to sell it and receive payments, and supplied Ewers with the material. The government also pointed out that the electronic devices seized from Lopez's home contained thousands of files with thousands of images and videos of child pornography.

The district court acknowledged that Ewers had the same guidelines range as Lopez and inquired as to why there was a significant variance in that case. The government explained that Ewers suffered from severe depression with suicidal ideation, he was estranged from his family because of his "lifestyle," and in interviews with police, he indicated he "was somewhat fearful of . . . Lopez." Additionally, Ewers had stopped selling child pornography at the time the government executed its search warrants and he had no child pornography on his phone, whereas Lopez was still engaged in selling and continued to possess child pornography. The defense stated that it disputed the government's characterization of Lopez's relationship with Ewers because they were a romantically involved couple who lived together during the time of the crime, "shared everything," and loved each other. The defense and government agreed that Lopez engaged in this conduct purely as a "business venture" to make money and not for sexual gratification. Accordingly, the defense stated that it was seeking a sentence "similar to" Ewers's. Lopez also made a brief statement apologizing for his actions and to the victims in the videos, and he noted that he had been seeing a therapist since his release on bond.

The district court varied downward, imposing a below guidelines sentence of 135 months' imprisonment followed by 20 years' supervised release. The court explained in detail how it reached this decision in light of the § 3553(a) factors. First, the district court discussed the nature and severity of the offense, balancing the importance of having a serious sentence, while also acknowledging that a variance was warranted. Related to the seriousness of the offense, the district court explained that Lopez had "profited to a significant degree" from children's trauma and "created a market for" child pornography.

Second, in addressing Lopez's history and characteristics, while the district court noted that it took Lopez's age at the time of the offense into account, it disagreed with the defense that Lopez was less culpable because a person's brain is not fully developed at 19. The district court differentiated between making regrettable, impulsive "decisions about drinking, decisions about partners, decisions about haircuts, tattoos, earrings" at that age, and thinking "that it was appropriate to profit off of the most horrible experiences in these children's lives," especially when the material involved some toddlers and infants. The court also considered the fact Lopez was not sexually interested in children.

Third, after discussing the need to provide specific deterrence and protect the public and provide just punishment and promote respect for the law to reflect that selling such a large quantity of child pornography is unacceptable, the district court addressed the need to avoid unwarranted sentencing disparities.

The district court explained that it would have given a "much higher sentence" to Lopez had Ewers not been given an 84-month sentence because it believed that Lopez was more culpable. It emphasized that Lopez was responsible for 97,000 images—a "treasure-trove of pornography," he possessed more material than Ewers, and Ewers had stopped selling it before the search warrants were executed, while Lopez had not. Further, Lopez was the one who recruited Ewers and taught him how to sell child pornography. Therefore, because Lopez was "more culpable," he "deserve[d] a more serious sentence." Accordingly, the district court explained that a sentence of 135 months' imprisonment was appropriate in light of all the § 3553(a) factors and after considering the defendant's sentencing related arguments and mitigation. Lopez now appeals.[4]

## II.    Discussion

Lopez argues that his sentence is substantively unreasonable, particularly considering Ewers's lower 84-month sentence for the same conduct.[5] He maintains that the district

---

[4] Initially, Lopez did not appeal. Several months after entry of his judgment, he filed a *pro se* 28 U.S.C. § 2255 motion to vacate sentence, asserting, among other matters, that he had wanted to appeal his sentence, but that his attorney told him not to appeal "because the appeal court would deny it anyway." The district court ultimately granted the motion in part, vacated the judgment, and issued an identical new amended judgment so that Lopez could file a timely direct appeal. Lopez appeals from the amended judgment.

[5] Although Lopez did not expressly object to the substantive reasonableness of his sentence, the Supreme Court has held that a defendant preserves a challenge to the substantive reasonableness of his sentence by advocating for

court improperly applied or weighed the disparity in sentencing factor and based the sentencing decision on the "faulty conclusion" that Lopez was more culpable that Ewers.

We review the reasonableness of a sentence under a deferential abuse of discretion standard, asking whether the sentence is substantively reasonable in light of the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court must issue a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of § 3553(a)(2), which include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct. 18 U.S.C. § 3553(a)(2). The court must also consider the "nature and circumstances of the offense and the history and characteristics of the defendant," and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* § 3553(a)(1), (6).

Importantly, the weight given to a particular § 3353(a) factor "is committed to the sound discretion of the district court," and it is not required to give "equal weight" to the § 3553(a) factors. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (quotation omitted). "We will not second guess the weight given to a § 3553(a) factor so long as the sentence is reasonable under the

a shorter sentence before the district court. *Holguin-Hernandez v. United States*, 589 U.S. 169, 175 (2020).

circumstances." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022).

A district court "imposes a substantively unreasonable sentence only when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Rosales-Bruno*, 789 F.3d at 1256 (quotations omitted). "Because that rarely happens, it is only the rare sentence that will be substantively unreasonable." *Id.* (quotations omitted). And it is even rarer for a downward variance sentence to be vacated on substantive reasonableness grounds. *Id.* at 1270.

The burden rests on the party challenging the sentence to show "that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *Id.* We will "vacate the sentence if, but only if, we 'are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

Lopez failed to show that the district court abused its discretion in imposing a substantively unreasonable sentence. Although he quarrels with how the district court weighed the relevant § 3553(a) factors—particularly the sentence disparity

factor in § 3553(a)(6)—the weight given to any § 3553(a) factor is a matter committed to the sound discretion of the district court. *Rosales-Bruno*, 789 F.3d at 1254 (quotation omitted).  The district court explained at length its reasoning as to why a more serious sentence than Ewers's, but nevertheless below the applicable guidelines range, was appropriate in Lopez's case.  For instance, unlike Ewers, Lopez had not stopped selling child pornography at the time the search warrants were executed, he possessed more child pornography files than Ewers, and he made more money than Ewers from the scheme.  Lopez has not shown that the district court weighed the sentencing factors unreasonably, "and we will not substitute our judgment in weighing the relevant factors." *Butler*, 39 F.4th at 1356 (quotation omitted).

Furthermore, it is not enough for Lopez "to simply compare" his sentence to that of his codefendant to demonstrate that there is a sentencing disparity.[6]  *United States v. Azmat*, 805 F.3d 1018, 1048 (11th Cir. 2015) ("One needs to have more than the crime of conviction and the total length of the sentences to evaluate alleged disparities.").  Rather, "[t]he underlying facts of the crime and all of the individual characteristics are relevant," and Lopez has not carried his burden to produce specific facts concerning Ewers's individual characteristics.  *Id*.; *see also United States v. Johnson*, 980 F.3d 1364, 1386 (11th Cir. 2020) (rejecting

---

[6] We also note "[d]isparity between the sentences imposed on codefendants is generally not an appropriate basis for relief on appeal." *United States v. Cavallo*, 790 F.3d 1202, 1237 (11th Cir. 2015).

disparity claim because "[d]efendant ha[d] not carried his burden to show specific facts establishing that any codefendants are similarly situated").

Moreover, Lopez's below guidelines 135-month sentence is well below the statutory maximum of 240 months' imprisonment, which is another indicator of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (explaining that a sentence that is below the statutory maximum is another indicator of reasonableness). Accordingly, we conclude that his sentence is substantively reasonable.

**AFFIRMED.**